**DREXEL BURNHAM LAMBERT, INC., Plaintiff,**

v.

**Edythe Penny WARNER, Defendant.**

**No. 86–6988–Civ.**

United States District Court, S.D. Florida.

July 31, 1987.

Lloyd R. Schwed, of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for plaintiff.

Robert Wayne Pearce, of Lerner, Harris & Pearce, Fort Lauderdale, Fla., for defendant.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, MOTION FOR SUMMARY JUDGMENT, MOTION TO DISMISS, AND MOTION TO COMPEL

PAINE, District Judge.

This cause comes before the court on plaintiff's emergency motion for a preliminary injunction (DE 17) and defendant's response; plaintiff's motion for summary judgment (DE 8), defendant's response (DE 12), and plaintiff's reply (DE 21); plaintiff's motion for oral argument on its motion for summary judgment (DE 22); defendant's motion to dismiss or for summary judgment (DE 13) and plaintiff's response (DE 24); and plaintiff's motion to compel discovery (DE 23). On July 24, 1987, the court held a hearing on the application for preliminary injunction and the motion for summary judgment. The court has heard oral argument, reviewed the case file, and studied the items received in evidence as well as the pertinent authorities. Now being fully advised, the court renders the following memorandum and order.

*Background*

The basic facts are undisputed. In late 1984, Warner opened an account at Drexel Burnham Lambert, Inc. (DBL), a securities brokerage firm, by signing a customer agreement which provided for arbitration of any controversy arising out of the account (deft. ex. 3). In approximately December 1985, Warner lodged a complaint with DBL regarding the handling of the account by Gregory Yankwitt, a DBL securities broker. In April 1986, Warner filed a lawsuit against DBL and Yankwitt, David Pines, and Lauri Giafaglione, DBL employees, in circuit court in Broward County, Florida. All three counts of the complaint sought damages under sections 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77$l$(2) § 77$o$ (1982) (pltf. ex. 1).

From the initiation of the state court action until October 1986, Warner engaged in discovery. She propounded interrogatories and a request for production of documents (pltf. ex. 8), took the depositions of Yankwitt, Pines, and Giafaglione, and subpoenaed documents from the National Association of Securities Dealers, Inc. (NASD) (DE 1, ¶ 6, DE 3, ¶ 6). On October 6, DBL noticed Warner and her accountant for deposition, to be held on October 22. This was the first discovery sought by DBL in the action other than a request for admissions which related to Warner's signature on various account documents.

On October 17, Warner initiated a NASD arbitration proceeding against DBL, Yankwitt, and Pines. Her statement of claim in arbitration (pltf. ex. 2) raised the same factual claims as alleged in the state court action. The theories of recovery included claims under sections 12(2) and 15 of the Securities Act of 1933, Fla.Stat. § 517.301, common law breach of fiduciary duty, negligence, and breach of contract. On October 20, Warner's counsel filed a notice of voluntary dismissal of the state court action and thereafter refused to produce Warner or her accountant for deposition.

DBL brought the instant action for declaratory and injunctive relief on December 15, 1986. It seeks a judgment that Warner has waived her right to arbitration by engaging in conduct inconsistent with that right. DBL moves to preliminarily enjoin the arbitration hearing scheduled for August 13 and for final summary judgment on the waiver issue. Warner moves to dismiss for lack of subject matter jurisdiction.

### Subject Matter Jurisdiction

Warner claims that Yankwitt and Pines are indispensable parties to the instant action. Since their joinder would defeat diversity of citizenship and thus destroy the jurisdictional basis of this suit,[1] under Warner's analysis, the case must be dismissed or summary judgment granted. DBL responds that Yankwitt and Pines are not indispensable.

Rule 19 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the matter if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to

venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(a), (b). Under this two-step analysis, the court must first decide in accordance with the factors in Rule 19(a) whether the party is one who should be joined if feasible. If he cannot, the court must determine under the four "interests" in Rule 19(b) whether "in equity and good conscience" the action should be dismissed.

Plaintiff Yankwitt and Pines are parties to the arbitration but not to this lawsuit. Warner maintains that they are indispensable to this case because, if DBL succeeds in enjoining the arbitration, although Yankwitt and Pines would not be bound by this court's order, the judgment will affect their interests as well as Warner's rights to arbitrate her claims with them. Warner claims that the court does not know Yankwitt and Pines' position about whether the arbitration should go forward and therefore cannot consider their views in fashioning a remedy.

*Phillips Petroleum,* 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950).

1. The Declaratory Judgment Act, 28 U.S.C. § 2201 (1982), does not provide an independent basis of federal jurisdiction. *Skelly Oil Co. v.*

■ Even if Yankwitt and Pines should be joined if feasible under Rule 19(a)(2), the court is not persuaded that their nonjoinder warrants dismissal under Rule 19(b). The four factors in that rule must be considered in light of the pragmatic effect of the alternatives of proceeding or dismissing. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116–17 n. 12, 88 S.Ct. 733, 741 n. 12, 19 L.Ed.2d 936 (1968). First, a judgment rendered in the instant case without the presence of Yankwitt and Pines probably would produce little prejudice to them or the parties. DBL introduced in evidence a letter dated December 15, 1986 to the NASD from counsel for DBL, Yankwitt, and Pines, asking that the arbitration proceedings be stayed pending the outcome of the instant suit (pltf. ex. 3). Warner has not controverted this evidence, which tends to show that Yankwitt, Pines, and DBL take the same position on whether the arbitration should go forward. Thus, this case is distinguishable from *Ranger Fuel Corp. v. Youghiogheny & Ohio Coal Co.*, 677 F.2d 378, 380 (4th Cir.), *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982), where the court found that the absent party might differ from its co-lessor on whether the arbitration should proceed. Accordingly, the application of the first two factors in Rule 19(b) does not favor dismissal.

The third consideration in Rule 19(b) is "whether a judgment rendered in the person's absence will be adequate." By this action plaintiff seeks to enjoin Warner from pursuing the arbitration. An injunction forbidding her from arbitrating matters relating to her DBL account would satisfy DBL's concerns without the presence of Yankwitt and Pines. The fourth factor, whether DBL would have an adequate remedy if the case is dismissed for nonjoinder, supports Warner's position, because DBL could seek a state court injunction against the arbitration. This consideration alone, however, does not carry the day. Weighing the factors in Rule 19(b), the court concludes that "in equity and good conscience the action should proceed among the parties before it." Fed.R.Civ.P. 19(b). Accordingly, Warner's motion to dismiss or for summary judgment is denied.

### *Waiver of Right to Arbitration*

The court next considers the issue raised in DBL's motion for summary judgment (DE 8): whether Warner waived her right to arbitration by her prior filing of a lawsuit in state court. A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc. v. Scribner Equipment Co.*, 745 F.2d 1365, 1369 (11th Cir.1984). Once the moving party has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 114 (5th Cir.1978). The question for the court on a motion for summary judgment is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)).

■ The issue of waiver of arbitration is a legal question, although the subsidiary findings are factual determinations subject to review under the "clearly erroneous" standard. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir. 1986). Because Congress has indicated a strong preference for enforcing arbitration clauses, *see* 9 U.S.C. § 2 (1982), a party attempting to prove waiver of arbitration bears a heavy burden, *Sibley v. Tandy Corp.*, 543 F.2d 540, 542 (5th Cir.1976),[2] *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Waiver may be found,

---

2. Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of*

*Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

however, "when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 (5th Cir.1986). Active participation in a lawsuit or other conduct inconsistent with the right to arbitrate may constitute waiver, because such actions reveal the party's disinclination to arbitrate and prejudice the other parties by forcing them to bear the expenses of a trial. *E.C. Ernst, Inc. v. Manhattan Construction Co.*, 559 F.2d 268, 269 (5th Cir.1977) (per curiam). "Substantially invoking the litigation machinery qualifies as the kind of prejudice ... that is the essence of waiver." *Id.*

██ The heart of DBL's position is that Warner's initiation and substantial prosecution of the state court action was inconsistent with her right to arbitrate the underlying dispute and that this conduct has resulted in undue delay and substantial prejudice to DBL. Why Warner waited months after filing the state court suit to initiate arbitration presents a difficult question. One inference is that Warner delayed in order to take advantage of the discovery process, which is not available in arbitration. Warner maintains, however, that she voluntarily dismissed the state case and brought her state law claims as well as the federal securities claims in arbitration because she had uncovered new evidence (pltf. ex. 9). Because these conflicting inferences must be resolved in Warner's favor on summary judgment, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), her initiation of the state case is insufficient in itself to constitute waiver.

DBL presses on that Warner's conduct in prosecuting the state court action was grossly inconsistent with the right to arbitrate and caused great prejudice to DBL. DBL cites *Price v. Drexel Burnham Lambert*, 791 F.2d 1156 (5th Cir.1986), and *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494 (5th Cir.1986), as primary support for its position. Both of those authorities hold that a party waives the right to arbitration by substantially

invoking the judicial process, and, in each case, the Fifth Circuit found that the right had been waived.

Having carefully studied the *Price* and *Miller* decisions, the court concludes that they are distinguishable in degree from the instant case. The Court of Appeals in *Price* affirmed the district court's findings of prejudice and waiver. Holding that the finding of prejudice was not clearly erroneous, the appellate court stated that the customer had incurred costs in responding to the brokerage firm's motion to dismiss and for summary judgment which would not have been incurred in preparation for arbitration. The court also stated that "discovery—whether meaningful or otherwise—is not available in arbitration, and could properly form the basis for a finding of prejudice." *Price*, 791 F.2d at 1160. Although discovery is obviously a consideration in assessing waiver and prejudice, in *Price* the party opposing waiver had filed potentially case-dispositive pretrial motions to which the party urging waiver had responded. The appellate court stated that the brokerage firm's motion to dismiss and for summary judgment "could not have caused anything but substantial prejudice" to the customer. *Id.* at 1162. In the case before this court, it appears that no significant pretrial motions were filed in state court. Further, while DBL asserts that it incurred over $10,000 in fees and costs in the state court action (DE 8, at 5), it has presented no evidence in support of this claim. DBL has therefore not sufficiently supported its motion for summary judgment with evidence showing that no material issue of fact exists. *See American Viking Contractors*, 745 F.2d at 1369; Fed. R.Civ.P. 56(c).

The Court of Appeals in *Price* also upheld the trial court's conclusion of waiver based on predicate questions of fact which the appellate court held to be not clearly erroneous. The Fifth Circuit summarized the subsidiary factual findings as follows:

In its Order denying Drexel's Motion to Compel Arbitration, the district court found that Drexel "initiated extensive discovery, answered twice, filed motions

to dismiss and for summary judgment, filed and obtained two extensions of pretrial deadlines, all without demanding arbitration." The court further found that the "mounting attorneys fees," "seventeen-month delay," and "disclosure which has resulted from the numerous depositions and production of documents" constituted prejudice sufficient to prevent Drexel from invoking arbitration. The court, therefore, concluded that Drexel had waived its right to demand arbitration.

*Price,* 791 F.2d at 1158–59. The case before this court presents much less compelling circumstances. DBL alleges that Warner's request for production (pltf. ex. 8) forced DBL to locate and produce over 1,600 pages of documents and that Warner took "extensive depositions" resulting in "lengthy deposition transcripts" (DE 1, ¶ 6). DBL has produced no evidence to support these allegations, however, and they have not been admitted in the answer (DE 3, ¶ 6) or elsewhere. On summary judgment, a movant does not sustain his burden by resting on the pleadings where allegations are controverted. Thus, DBL has not shown that the discovery taken by Warner in the state case was substantial.

DBL also claims it was prejudiced because it took little or no discovery before Warner dismissed the state action and thus Warner would proceed to arbitration with an unfair advantage. When DBL filed its motion to continue the state trial, counsel stated that defendants had taken no discovery (deft. ex. 4). At the hearing before the undersigned, counsel for DBL proferred the explanation that DBL's counsel in that cause was busy with other cases. Whatever the reason for its counsel's failure to conduct discovery, DBL cannot now complain that that failure has put it at a disadvantage when it was faced with an impending trial date and had had seven months to engage in pretrial litigation maneuvers. Thus, the instant case is distinguishable from *Miller Brewing,* 781 F.2d 494, where the party seeking arbitration allowed its demand to lay dormant for over three years while it filed numerous lawsuits and forced the party opposing arbitra-

tion to expend $85,000 in legal fees and 300 hours of employee time defending the litigations. *Id.* at 497–98; *cf. Central Trust Co. v. Anemostat Products Division,* 621 F.Supp. 44 (S.D.Ohio 1985) (right waived where arbitration not sought until almost fifteen months after commencement of suit and almost three months after continuance of trial); *Hunt v. BP Exploration Company (Libya) Ltd.,* 580 F.Supp. 304 (N.D.Tex. 1984) (seven-year pursuit of judicial remedies before arbitration clause advanced waived right to arbitration).

DBL, accordingly, has failed sufficiently to support its motion for summary judgment with evidence that Warner's initiation and prosecution of the state court lawsuit constituted substantial invocation of the judicial process and resulted in such prejudice to DBL that Warner's right to arbitration was thereby waived. Because material issues of fact remain, DBL's motion for summary judgment (DE 8) must be denied.

### Preliminary Injunction

DBL also moves to preliminarily enjoin the arbitration set for August 13 or alternatively to stay those proceedings pending the outcome of this case (DE 17). In this circuit, a motion for preliminary injunction should be granted where (1) there is a substantial likelihood that plaintiff will prevail on the merits; (2) plaintiff will suffer irreparable harm if injunctive relief is not granted; (3) the benefits the injunction will provide plaintiff will outweigh the harm it will cause defendant; and (4) issuance of the injunction will not harm public interests. *Callaway v. Block,* 763 F.2d 1283, 1287 (11th Cir.1985).

Applying these standards, the court is not persuaded that DBL has met its burden in seeking an injunction. Although the denial of DBL's motion for summary judgment is partially based on the procedural rules governing such motions, the court is not convinced that DBL's allegations, even if proved, indicate a substantial likelihood of success on the merits. Because the court views DBL's chances of winning this case as lukewarm at best, the

balance of harms favors Warner, and the possibility of irreparable harm to DBL is speculative. The public interest, as expressed by Congress in the Federal Arbitration Act, 9 U.S.C. § 2, favors arbitration. Accordingly, DBL's motion for preliminary injunction (DE 17) is denied.

*Motion to Compel Discovery*

 DBL moves for an order compelling Warner and her attorney to respond to certain deposition questions (DE 23). Under General Rule 10(I)(7) of the Local Rules of the Southern District of Florida, prior to filing a motion to compel,

> counsel for the moving party shall confer with counsel for the opposing party and file with the Clerk at the time of filing the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have been unable to do so.

Because the instant motion contains no such certificate, it is fatally defective. As to this and other discovery matters, counsel are encouraged to use their best efforts to resolve their disputes without resort to the court in accordance with the letter and spirit of the Local Rules. Accordingly, DBL's motion to compel (DE 23) is denied.

*Conclusion*

It is therefore

ORDERED and ADJUDGED that plaintiff's emergency motion for a preliminary injunction (DE 17), motion for summary judgment (DE 8), and motion to compel discovery (DE 23), and defendant's motion to dismiss or for summary judgment (DE 13), are denied. It is further

ORDERED and ADJUDGED that plaintiff's motion for oral argument on its motion for summary judgment (DE 22) is granted. It is further

ORDERED and ADJUDGED that plaintiff is directed to file a status report in this case on or before August 21, 1987. If plaintiff fails to file a report by that date, this cause will be dismissed with prejudice without further notice to the parties or

counsel of record pursuant to Fed.R.Civ.P. 41(b) and the court's inherent powers to govern its docket.