534 So.2d 1185 (1988)
Paul ROSEN and Judith Rosen, His Wife, Appellants,
v.
SHEARSON LEHMAN BROTHERS, INC., Appellee.
No. 88-1103.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied January 11, 1989.
*1186 Cohen & Silver and Patricia M. Silver, Miami, for appellants.
Paul, Landy, Beiley & Harper and Richard E. Brodsky, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The question raised in this appeal of an order compelling arbitration is whether Shearson Lehman Brothers' act of suing the defendant-customers waives the stockbroker's right to arbitration or whether, as Shearson contends, the customers' failure to show that they were substantially prejudiced by the stockbroker's delay in seeking arbitration precludes the waiver. We agree with the customers that the stockbroker's institution of suit ipso facto waives the wholly inconsistent right to seek arbitration and, therefore, reverse the order under review.
Without dispute, the underlying agreement between the Rosens and Shearson Lehman Brothers, Inc. deals with transactions in interstate commerce, and the case is therefore governed, as the stockbroker correctly observes, by the Federal Arbitration Act. Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988). Under the Federal Arbitration Act, as Shearson again correctly points out, several federal circuit courts of appeals have held that a defendant must show prejudice before it can be said that the plaintiff's institution of suit is a waiver of the right to arbitrate. See Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir.1985); Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250 (4th Cir.1987); Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974 (4th Cir.1985); Lawrence v. Comprehensive Business Services Co., 833 F.2d 1159 (5th Cir.1987); Valero Refining, Inc. v. M/T Lauberhorn, 813 F.2d 60 (5th Cir.1987); Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691 (9th Cir.1986). See also Drexel Burnham Lambert, Inc. v. Warner, 665 F. Supp. 1549 (S.D.Fla. 1987).[1] In contrast, one federal circuit has explicitly held that "waiver may be found absent a showing of prejudice." National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 777 (D.C. Cir.1987).[2]
While, as is evident, the question is one upon which reasonable judges differ, we are persuaded that the rule which we should follow  since the federal cases presently leave us the choice  is that the right to arbitrate is waived when one of the *1187 parties to the agreement providing for arbitration affirmatively selects a course of action  litigation in the courts  which runs counter to the very purpose of arbitration.
We again acknowledge that federal law controls, but are nonetheless comforted by the fact that our choice is consistent with the rule announced by Florida courts in cases deciding this same waiver issue under the Florida Arbitration Code. As the Fourth District recently stated in Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617, 619-20 (Fla. 4th DCA 1988):
"Respondent argues that the party opposing arbitration must make a strong showing of both inconsistent acts and actual prejudice. However, the cases cited by respondent make it clear that actual prejudice must be shown only where there is a finding of waiver based on delay in assertion of one's right. A showing of prejudice is not required if waiver is based upon inconsistent acts." (citations omitted, emphasis in original).
The statement in Finn is, of course, supported by numerous Florida cases holding that waiver may be established without a showing of prejudice. Riverfront Properties, Ltd., v. Factor, 460 So.2d 948, 952 (Fla. 2d DCA 1984) ("Initiating legal action without seeking arbitration acts as a waiver... ."); Ojus Industries, Inc. v. Mann, 221 So.2d 780, 782 (Fla. 3d DCA 1969) ("[W]here a plaintiff, in disregard of his right to arbitration, files suit for determination of the controversy, he will be held to have waived his right to compel arbitration thereof."). See Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981) ("Filing an answer without asserting the right for arbitration acts as a waiver, as does initiating legal action without seeking arbitration... .") (citations omitted). See also Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 681 (Fla. 1973) ("A party's contract right [to arbitration] may be waived by actively participating in a lawsuit or taking action inconsistent with that right."); Prudential-Bache Securities, Inc. v. Pauler, 488 So.2d 894, 895 (Fla. 2d DCA 1986) ("The rule is that a party is deemed to have waived arbitration if the right to arbitration is asserted after the party has actively participated in the lawsuit.").
The order compelling arbitration is reversed, and the cause is remanded to the trial court for further proceedings.
NOTES
[1] In Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1162 n. 2 (5th Cir.1986), the Fifth Circuit expressed the thus far novel view that Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), has cast doubt "on the use of criteria other than `prejudice' to the party opposing arbitration in determining whether arbitration rights have been waived."
[2] While the Tenth Circuit Court of Appeals concludes that prejudice is one of several factors to be considered, it is not clear whether prejudice is a prerequisite to a finding of waiver. See Peterson v. Shearson/American Express, Inc., 849 F.2d 464 (10th Cir.1988); Reid Burton Construction, Inc. v. Carpenters District Council, 614 F.2d 698 (10th Cir.1980).

The Seventh Circuit's position is likewise difficult to determine. Compare Ohio-Sealy Mattress Manufacturing Co. v. Kaplan, 712 F.2d 270, 272 (7th Cir.1983) (prejudice and delay are significant factors) and Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 641 & n. 5 (7th Cir.1981) (court should consider whether, under the totality of the circumstances, the defaulting party acted inconsistently with the arbitration right; prejudice is one of the relevant circumstances) with Midwest Window Systems, Inc. v. Amcor Industries, Inc., 630 F.2d 535 (7th Cir.1980) (waiver must be based on prejudice to the opposing party).