596 So.2d 101 (1992)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Gary A. KAPLAN, D.D.S., Appellee.
No. 91-02337.
District Court of Appeal of Florida, Second District.
March 11, 1992.
Rehearing Denied April 8, 1992.
M. Joseph Lieb, Jr. of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
LEHAN, Judge.
This is a suit by plaintiff insured against his insurer for underinsured motorist benefits. The insurer appeals from the trial court's order granting plaintiff's motion to abate and stay the suit pending arbitration. In other words, the insurer appeals the order which required arbitration. The motion was filed after trial proceedings in the suit had commenced through beginning *102 voir dire questioning of prospective jurors. We reverse.
Plaintiff's right to arbitration matured in February 1991. The trial proceedings did not commence until June 1991. Meanwhile, there had been substantial preparation for trial, discovery, rulings on motions in limine, and a pretrial conference, as well as, as noted above, beginning voir dire of jurors. Also, in March 1991, plaintiff dismissed his suit to compel arbitration.
Under these circumstances plaintiff waived arbitration. "A party's contractual right to arbitration may be waived by active participation in a lawsuit or by taking action inconsistent with that right... . A showing of prejudice [to the other party] is not required if waiver is based upon inconsistent acts." Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617, 618, 619-20 (Fla. 4th DCA 1988).
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and DANAHY, J., concur.