620 So.2d 192 (1993)
DONALD & COMPANY SECURITIES, INC.; Anchor National Financial Services, Inc.; Corporate Securities Group, Inc.; and Porter Hail, Appellants,
v.
MID-FLORIDA COMMUNITY SERVICES, INC., Appellee.
No. 92-04148.
District Court of Appeal of Florida, Second District.
April 30, 1993.
Rehearing Denied June 29, 1993.
*193 Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
Stephanie J. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
THREADGILL, Judge.
Donald & Company Securities, Inc.; Anchor National Financial Services, Inc.; Corporate Securities Group, Inc.; and Porter Hail appeal a nonfinal order compelling arbitration. Fla.R.App.P. 9.130(a)(3)(C)(v). The appellants contend that Mid-Florida Community Services, Inc. waived its right to arbitration by acts inconsistent with the right. We reverse.
On July 19, 1991, Mid-Florida filed a complaint in circuit court against the appellants alleging a violation of the Florida Securities and Investor Protection Act[1] and several common law counts concerning its purchase of $100,000, of AT & T bonds from the appellants. Thirteen months later on August 3, 1992, Mid-Florida served a motion to stay the circuit court proceedings and to compel arbitration.
Mid-Florida's right to arbitration arises from the appellants' membership in the National Association of Securities Dealers (NASD), a self-regulatory organization of the securities industry. Membership in NASD requires that disputes between a customer and a member be arbitrated under the NASD Code of Arbitration Procedure upon the demand of the customer.
The appellants contend that Mid-Florida waived its right to arbitration by initiating and conducting extensive litigation. Mid-Florida contends, on the other hand, that waiver must be established both by acts inconsistent with the right of arbitration and a showing of prejudice to the objecting party.
The federal substantive law establishing and regulating the duty to honor an agreement to arbitrate is derived from the federal Arbitration Act under Title 9 United States Code. Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983). The Arbitration Act provides that a written provision in any contract evidencing a transaction involving commerce to settle controversies by arbitration shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (1992). Where a contract falls within the scope of the Arbitration Act, federal law applies in state courts as well as federal courts in construing and enforcing an arbitration agreement. Goodwin & Elkins & Co., 730 F.2d 99, 108 (3d Cir.), cert. denied, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984).
Florida courts are bound only by the United States Supreme Court in interpreting acts of Congress. International *194 Association of Bridge, Structural & Ornamental Ironworkers, AFL-CIO v. Blount International, Ltd., 519 So.2d 1009, 1012 (Fla. 2d DCA 1987), rev. denied, 531 So.2d 168 (1988); cert. denied, 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989). The Supreme Court has not ruled on this issue and at least one Circuit Court of Appeals has held that waiver may be found absent a showing of prejudice. National Foundation for Cancer Research v. A.G. Edwards & Sons, 821 F.2d 772, 777 (D.C. Cir.1987); see also Rosen v. Shearson Lehman Brothers, Inc., 534 So.2d 1185, 1187 (Fla. 3d DCA), rev. denied, 544 So.2d 200 (Fla. 1989).
In the absence of a binding federal ruling on this issue, we are free to apply the law of Florida. Rosen, 534 So.2d at 1186. We therefore apply the rule that a party may waive arbitration by actively participating in a law suit or by taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678, 681 (Fla. 1973); Bared and Company, Inc. v. Specialty Maintenance and Construction, Inc., 610 So.2d 1, 2 (Fla. 2d DCA 1992); State Farm Fire and Casualty Company v. Kaplan, 596 So.2d 101 (Fla. 2d DCA 1992); Rosen, 534 So.2d at 1186; Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617, 618 (Fla. 4th DCA); rev. denied, 531 So.2d 1354, cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988).
In ruling that it is not necessary to show prejudice to establish waiver, we note that the Third District ruled to the contrary following the Eleventh Circuit Court of Appeal in S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc., 906 F.2d 1507, 1514 (11th Cir.1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991). Miami Dolphins, Ltd. v. Cowan, 601 So.2d 301, 302 (Fla. 3d DCA 1992). S & H held that there must be a showing of prejudice to the party opposing arbitration resulting from inconsistent acts. The facts in Miami established no prejudice or inference of prejudice. The Dolphins requested arbitration when the lawsuit had been in progress for just over three months. There had been no discovery of consequence. S & H, on the other hand, found prejudice as a matter of law arising from active participation in a lawsuit. 906 F.2d at 1514.
Although we follow the rule that prejudice is not necessary to establish waiver of the right of arbitration, the circumstances of this case, unlike those of Miami, permit the inference. Mid-Florida filed pleadings and litigated its case for thirteen months before invoking its right to arbitrate. In the interim it defended against vigorous defenses and counterclaims filed by seven defendants. One of the rulings below on a counterclaim was affirmed here on appeal during this period. Hail v. Mid-Florida Community Services, Inc., 605 So.2d 78 (Fla. 2d DCA 1992). Although Mid-Florida took no depositions, it served three requests for production and one set of interrogatories upon each appellant. The defendants took Mid-Florida's deposition.
We reverse the order compelling arbitration and remand for further proceedings.
Reversed.
LEHAN, C.J., and DANAHY, J., concur.
NOTES
[1] Section 517.011, et seq., Fla. Stat. (Supp. 1990).