691 So.2d 5 (1997)
Sharon LANE, Appellant,
v.
Ilana SARFATI, etc., et al., Appellees.
No. 96-2824.
District Court of Appeal of Florida, Third District.
February 19, 1997.
Rehearing Denied April 23, 1997.
Bret Clark, Miami, for appellant.
David Bercuson, Miami, for appellees.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
SCHWARTZ, Chief Judge.
The defendant below appeals from an order denying her application for arbitration. The trial court ruled that Lane had waived the right to arbitration, as provided in the parties' agreement, by filing an action in California on the same cause of action. We reverse.
It is admitted that the California case was dismissed prior to answer and therefore caused no cognizable prejudice to the appellees. It is the now well established rule of this district, reflecting recent federal decisions to that effect, that a showing of prejudice is indispensable to a conclusion that the maintenance of a position inconsistent with arbitration waives that remedy. Acevedo v. Caribbean Transp., Inc., 673 So.2d 170, 175 (Fla. 3d DCA 1996); Miami Dolphins, Ltd. v. Cowan, 601 So.2d 301 (Fla. 3d DCA 1992).[1] Accordingly, the right to arbitration remains in effect and must be honored.
We certify conflict with Donald & Co. Securities, Inc. v. Mid-Florida Community Services, Inc., 620 So.2d 192 (Fla. 2d DCA 1993) and Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617 (Fla. 4th DCA 1988), review denied, 531 So.2d 1354 (Fla.1988), cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 *6 L.Ed.2d 262 (1988), which hold that a showing of prejudice is not necessary to effect a waiver of arbitration.
Reversed, conflict certified.
NOTES
[1] The earlier, contrary case of Rosen v. Shearson Lehman Brothers, Inc., 534 So.2d 1185 (Fla. 3d DCA 1988), review denied, 544 So.2d 200 (Fla. 1989), was based on the conclusion that the controlling federal law was then unclear on the point. Subsequent decisions in such cases as S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507 (11th Cir.1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991), however, dispelled the uncertainty and established the rule we adopted  thus effectively, though silently, overruling Rosen  in Acevedo, 673 So.2d at 175, and Miami Dolphins, 601 So.2d at 302.