BLUE, Acting Chief Judge.
Michael Sutherland appeals the order of restitution setting $750 as restitution for the victim’s automobile that Sutherland had stolen. We affirm because the record supports the trial court’s restitution order.
We write this opinion because we believe the unique argument for reversal advanced by Mr. Permar, the assistant public defender representing Sutherland on appeal, deserves some notoriety. Mr. Permar argues the $750 award is excessive for a ten-year-old car with a “blown” engine and ruined transmission. His contention overlooks the fact that the car was operable when stolen by Sutherland. Indeed, it was Sutherland’s criminal conduct that rendered the car valueless to the victim.
We cannot discern whether Mr. Permar misread the record, failed to read the record, or chose to raise a frivolous point on appeal. In this instance, we will assume the issue raised resulted from a misunderstanding of the facts in a somewhat confusing record. This assumption would have more validity if, after the State had filed its brief and pointed out the true factual scenario leading to the restitution order, Mr. Permar had filed a reply brief conceding the issue.
Affirmed.
WHATLEY and NORTHCUTT, JJ„ concur.