703 So.2d 1170 (1997)
GRAY MART, INC., a Florida corporation, Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, a California corporation, Appellee.
No. 97-657.
District Court of Appeal of Florida, Third District.
December 17, 1997.
Rehearing Denied January 28, 1998.
*1171 Ginsberg & Schwartz and Sams & Martin, and Todd R. Schwartz, Miami, for appellant.
Heidi M. Roth, Coral Gables, for appellee.
Before LEVY and GREEN, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
This is an appeal from a non-final order granting a demand for an appraisal and a stay of the proceedings below. On this appeal, appellant, Gray Mart, Inc. ("Gray Mart"), asserts that appellee, Fireman's Fund Insurance Company ("Fireman's Fund"), waived its right to an appraisal by actively and aggressively litigating this cause for over fourteen months and not demanding an appraisal until approximately one month prior to the scheduled trial of this cause. We agree and reverse.
Gray Mart is an electronics retailer, which is insured against theft by Fireman's Fund pursuant to a comprehensive American Business Coverage policy. The policy included an appraisal provision in the event that there was a dispute between the parties as to the amount of any loss. This provision specifically provided that if the parties went through the appraisal process, the insurer could still deny the claim, while the insured would be bound by the results of the appraisal.[1]
According to the complaint filed below, Gray Mart allegedly sustained a theft loss at its store on or about August 26, 1994. At or around the same time, it submitted its claim of loss to Fireman's Fund, and from August, 1994 until July 28, 1995, Fireman's Fund investigated this claim and continuously insisted that Gray Mart had not supplied it with sufficient documentation for a determination of whether a covered loss had occurred. Gray Mart, on the other hand, insisted that it had supplied all of the requested information in its possession in support of its claim of loss and that Fireman's Fund was intentionally prolonging this process and unreasonably refusing to take a position on coverage. Finally, on July 28, 1995, Fireman's Fund denied Gray Mart's claim because of Gray Mart's purported refusal to cooperate. At no time during this pre-litigation period did either party request an appraisal of Gray Mart's alleged loss.
On or about July 27, 1995, Gray Mart filed the action below, seeking damages for breach of the insurance contract. In response, Fireman's Fund moved to dismiss the complaint on September 6, 1995 on the grounds that Gray Mart had failed to comply with conditions precedent by not fully cooperating with Fireman's Fund's investigation. This motion was denied. Fireman's Fund then filed its answer and numerous affirmative defenses to the complaint, but did not invoke the appraisal provision at this time.
Thereafter, Fireman's Fund initiated discovery. On January 23, 1996, Fireman's Fund moved for summary judgment on the grounds that Gray Mart had not complied with conditions precedent to recovery under the policy, in that Gray Mart had failed to supply appropriate documentation in support *1172 of its claim. Gray Mart's counsel submitted a personal affidavit in opposition to the motion, concerning Gray Mart's efforts to cooperate with Fireman's Fund's investigation. Significantly, during the hearing on this motion, the lower court sua sponte inquired whether there was a provision for arbitration in the policy. Counsel for Fireman's Fund responded and implicitly suggested that Gray Mart had waived the appraisal provision in the policy by initiating suit.[2] The trial court then proceeded to hear the motion. Counsel for Fireman's Fund moved ore tenus for the court to strike the affidavit in opposition to the motion for summary judgment on the grounds that it would thereby render Gray Mart's counsel a witness in this action. The lower court denied both the motion to strike and the motion for summary judgment, but left open the possibility that Gray Mart's counsel would have to be disqualified as counsel of record in this cause.
Ultimately, Gray Mart recognized that its counsel would have to be called as a witness in this cause as to pre-suit matters with Fireman's Fund and thereafter filed its notice of substitution of counsel. It then filed a motion in March, 1996 to similarly disqualify counsel for Fireman's Fund. The lower court apparently entertained Gray Mart's motion during the pre-trial conference on September 6, 1996. The lower court gave Fireman's Fund the option of either retaining new counsel to try the case or abandoning its asserted affirmative defenses that Gray Mart failed to cooperate and comply with conditions precedent. Fireman's Fund elected to drop its coverage defenses rather than retain new counsel.
Accordingly, on January 14, 1997, or approximately one month prior to the scheduled trial of this cause, Fireman's Fund amended its answer to drop some of its coverage defenses. For the first time in the proceedings below, Fireman's Fund asserted a demand for appraisal in its amended answer and simultaneously moved for a continuance of the scheduled February 24, 1997 trial and a stay of the proceeding below pending the outcome of the appraisal. Fireman's Fund maintained in its motion that by virtue of this court's decision in American Reliance, Ins. Co. v. Village Homes at Country Walk, 632 So.2d 106 (Fla. 3d DCA), review denied, 640 So.2d 1106 (Fla.1994), appraisal clauses such as the one in the subject policy were unenforceable in this district at the time this dispute ensued. Fireman's Fund further asserted that the law was not changed until the supreme court's decision in State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996), or approximately one month prior to its demand for appraisal. Consequently, Fireman's Fund argued to the court below that it could not have demanded an appraisal prior to Licea. The lower court granted the demand for appraisal and a stay of the proceedings. This appeal followed.
Appraisal provisions in insurance policies such as the one in the instant case have generally been treated as arbitration provisions. See Florida Farm Bureau Casualty Insurance Co. v. Sheaffer, 687 So.2d 1331, 1333 (Fla. 1st DCA), review denied, 697 So.2d 510 (Fla.1997); State Farm Fire and Casualty Co. v. Middleton, 648 So.2d 1200, 1202 (Fla. 3d DCA 1995); Preferred Mutual Ins. Co. v. Martinez, 643 So.2d 1101, 1102 (Fla. 3d DCA 1994); Intracoastal Ventures Corp. v. Safeco Ins. Co., 540 So.2d 162, 163 (Fla. 4th DCA 1989). As with a contractual right to arbitration, the right to an appraisal may be waived if a party maintains a position inconsistent with the appraisal remedy. See Lane v. Sarfati, 691 So.2d 5, 5 (Fla. 3d DCA 1997); Wilson v. Par Builders II, Inc., 879 F.Supp. 1187, 1189 (M.D.Fla.1995); NCR Credit Corp. v. Reptron Elecs., Inc.. 863 F.Supp. 1561, 1565 (M.D.Fla.1994); Knight v. *1173 Xebec, 750 F.Supp. 1116, 1118 (M.D.Fla. 1990). We have recently taken the position, however, that a showing of prejudice is indispensable to a finding of waiver of a right to arbitration or appraisal. See Lane, 691 So.2d at 5. In so doing, we certified conflict with Donald & Co. Sec., Inc. v. Mid-Florida Community Servs., Inc., 620 So.2d 192 (Fla. 2d DCA 1993) and Finn v. Prudential-Bache Sec., Inc., 523 So.2d 617 (Fla. 4th DCA), review denied, 531 So.2d 1354 (Fla.), and cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988), both holding that no prejudice is necessary to effectuate a waiver. See Lane 691 So.2d at 5-6.
On the record below us, we have little trouble concluding that Fireman's Fund has waived its right to the appraisal process by actively litigating this cause until its motion for summary judgment was denied on the eve of trial and that Gray Mart would therefore be prejudiced if it was forced to proceed with the appraisal process at this late stage of the proceedings. See Sterling Condominium Ass'n, Inc. v. Herrera, 690 So.2d 703, 705 (Fla. 3d DCA 1997) (condominium owner waived right to compel arbitration of dispute with condominium association by filing answer, affirmative defenses, and counterclaim and by actively participating in litigation in circuit court for over two years before raising issue of arbitration); Preferred Mutual Ins. Co. v. Matrix Constr. Corp., 662 So.2d 432, 432 (Fla. 3d DCA 1995) (appellees waived right to arbitrate by seeking benefits of discovery rules prior to filing motion to arbitrate). Indeed, the parties aggressively litigated this cause in the judicial forum below to the point where Gray Mart's original trial counsel was ethically forced to withdraw and Fireman's Fund's counsel would have been forced to similarly withdraw if certain of its affirmative defenses had not been dropped.
Fireman's Fund argues that its failure to timely demand an appraisal cannot be deemed a waiver where the existing law in this district did not recognize the enforceability of the subject appraisal provision and that law was not overturned by the supreme court until the eve of the scheduled trial. We disagree. We conclude that Fireman's Fund had the obligation to nevertheless preserve this appraisal issue by timely asserting the same in its pleadings in order to benefit from the change in the law.[3]See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992); Clay v. Prudential Ins. Co., 670 So.2d 1153, 1155 (Fla. 4th DCA), review denied, 680 So.2d 421 (Fla. 1996); Dupree v. State, 615 So.2d 713, 719 (Fla. 1st DCA), review denied, 623 So.2d 495 (Fla.1993); Seaman v. State 608 So.2d 71, 73 (Fla. 3d DCA 1992).
For these reasons, the order granting the demand for an appraisal below is reversed and this cause is remanded for further proceedings.
NOTES
[1] Specifically, the appraisal provision in the policy was as follows:

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
(a) Pay its chosen appraiser; and
(b) Bear the other expenses of the appraisal and umpire equally.
If we submit to an appraisal we will still retain our right to deny the claim.
[2] [The Court]: Isn't there some sort of arbitration clause in the contract?

[Defense Counsel]: They went ahead and filed suit. We asked for documents and we have all of this correspondence attached to our motion. What had happened Judge, we need more documents. They demanded a response within 24 hours.
Bottom line what had happened, I believe, it was simultaneous with the filing of this lawsuit. Fireman's Fund issued a letter to [plaintiff's counsel] saying based on what we have there are too many questions. We outlined the questions that exist. We need these documents. If you are going to make us give a response now we have no choice but to deny it because it has been unsubstantiated.
[3] Particularly where, as here, the members of this court as well as other district courts were sharply divided on the issue.