730 So.2d 838 (1999)
SHOMA DEVELOPMENT CORP., Appellant,
v.
Jorge RODRIGUEZ, et al., Appellees.
No. 98-3208.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*839 Akerman, Senterfitt & Eidson, P.A., and Oscar A. Sanchez, Laura Fernandez, and Lida Rodriguez-Taseff, Miami, for appellant.
John H. Ruiz and Luisa M. Linares and Aida M. Landa, Miami; Rodriguez & Quincoces and Robert W. Rodriguez, Miami; Alvarez, Armas & Borron and Alfredo de Armas, Arturo Alvarez, and Jorge Borron, Coral Gables, for appellees.
Before JORGENSON, GERSTEN, and SORONDO, JJ.
PER CURIAM.
Shoma Development Corp. appeals from a non-final order denying its motion to compel arbitration. For the following reasons, we affirm.
In September, 1997, Jorge and Marlene Rodriguez filed a class action law suit against Shoma Development on behalf of themselves and other homeowners who purchased houses from the developer. In October, 1997, the developer was notified of the lawsuit. During the following seven months, the developer engaged in activity associated with the litigation, including: answering interrogatories propounded by the homeowners; moving to require the homeowners to post a bond; moving to strike the homeowners' claim for attorney's fees; objecting to the homeowners' first and second set of interrogatories; objecting to the homeowners' first and second request for production; moving for protective orders; and moving to dismiss the action for failure to state a cause of action and failure to meet the requirements for class representation. After seven months, the developer finally sought to enforce an arbitration clause contained in the contract between itself and the Rodriguezes by filing a motion to compel arbitration.
A party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action that is inconsistent with that right. See Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 681 (Fla.1973). However, in this district, that participation must also result in prejudicing the non-moving party. See Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997); Gray Mart, Inc. v. Fireman's Fund Ins. Co., 703 So.2d 1170 (Fla. 3d DCA 1997). Here, the developer's considerable filings and involvement in discovery constituted active participation in the litigation. See Phillips v. General Accident Ins. Co. of Am., 685 So.2d 27 (Fla. 3d DCA 1996) (holding that active participation in litigation is action inconsistent with the use of arbitration to resolve the dispute); Lapidus v. Arlen Beach Condo. Ass'n Inc., 394 So.2d 1102 (Fla. 3d DCA 1981). Moreover, engaging in this type of activity over a seven month period prejudiced the homeowners by resulting legal fees and costs that would have otherwise been avoided had the developer elected arbitration once it had notice of the homeowners' claim.
Affirmed.