851 So.2d 853 (2003)
RAYMOND JAMES FINANCIAL SERVICES, INC., a Florida corporation, and Richard Vandenberg, Appellants,
v.
Steven W. SALDUKAS and Stesal Investments, LLC, Appellees.
No. 2D03-554.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*854 Bruce W. Barnes of Bruce W. Barnes, P.A., Clearwater, for Appellants.
Christopher T. Vernon and Benjamin C. Iseman of Treiser, Collins & Vernon, Naples, for Appellees.
VILLANTI, Judge.
Raymond James Financial Services, Inc. and Richard VandenBerg (collectively "Raymond James") challenge the trial court's ruling denying their motion to compel arbitration. We affirm but write to address the issue of whether a showing of prejudice is required before the right to arbitration may be waived.
Sometime before 1999, Steven Saldukas formed an entity known as Stesal Investments Limited Partnership (Stesal Limited Partnership). On August 6, 1999, Stesal Limited Partnership opened an account with Raymond James, and Saldukas transferred a personal Roth IRA account to Raymond James. Saldukas later opened another IRA account with Raymond James.
On February 21, 2002, Saldukas and a different entity, Stesal Investments, LLC (Stesal LLC), filed an arbitration claim against Raymond James with the New York Stock Exchange (N.Y.SE). The claim arose out of allegedly improper investment transactions in Raymond James accounts owned by Saldukas and Stesal LLC. In the statement of claim, Saldukas *855 asserted that Stesal LLC, which was one of the parties making the claim, was formerly known as Stesal Limited Partnership.
After the statement of claim was filed with the NYSE, Raymond James' counsel sent a letter to Saldukas' counsel disputing Saldukas' and Stesal LLC's right to arbitration and stating in part that there was no agreement to arbitrate this claim. Subsequently, Raymond James filed a motion to dismiss the NYSE arbitration proceeding, admitting that Stesal Limited Partnership had an account with Raymond James but asserting that Raymond James did not have an arbitration agreement with either Saldukas or Stesal LLC and that therefore neither Saldukas nor Stesal LLC had standing to seek arbitration. In the motion, Raymond James asked the NYSE to dismiss the claim "with prejudice" because "the claim or controversy is not a proper subject matter for arbitration." In a letter sent to Saldukas' counsel with a copy of the motion to dismiss the NYSE proceeding, counsel for Raymond James stated:
[Raymond James] feels strongly that it has no obligation to arbitrate this case. If the New York Stock Exchange does not grant the motion to dismiss, [Raymond James] will file a lawsuit to enjoin the arbitration.
After receiving this correspondence, Saldukas and Stesal LLC filed suit against Raymond James and VandenBerg in state court on various grounds. In the complaint, Stesal LLC alleged that it was the successor by merger to Stesal Limited Partnership. In response to the complaint, Raymond James filed a motion to dismiss, asserting that Stesal LLC had no standing to bring the action because it was not properly registered to conduct business under the laws of Florida and because it was not a customer of Raymond James. Raymond James attached various documents to its motion to dismiss that purportedly showed that Stesal LLC was not properly registered in Florida. Raymond James agreed in its motion that it had an obligation to arbitrate with Stesal Limited Partnership, but it noted that Stesal Limited Partnership was not a party to the NYSE arbitration proceeding or the suit.
After hearing argument on the motion to dismiss, the trial court denied the motion and ordered Raymond James to file a responsive pleading within ten days. As its responsive pleading, Raymond James filed a motion to stay litigation and compel arbitration. In that motion, Raymond James argued that the parties should be ordered to arbitration even though Raymond James continued to assert that Stesal LLC had no standing to bring an arbitration claim. In addition, Raymond James argued for the first time that the question of whether Stesal LLC was a proper party to the arbitration agreement should be determined by the arbitrators. In opposition to this motion, Saldukas and Stesal LLC argued that Raymond James had waived its right to arbitrate by initially refusing to arbitrate the claim, by repeatedly asserting that Saldukas and Stesal LLC had no right to arbitrate, and by threatening a lawsuit to enjoin arbitration should Saldukas and Stesal LLC persist with the NYSE arbitration proceeding. After hearing these arguments, the trial court denied Raymond James' motion to compel arbitration. Raymond James now appeals this order, arguing that Saldukas and Stesal LLC should be compelled to arbitrate because Raymond James did not waive its right to arbitrate and because Saldukas and Stesal LLC did not prove that they were prejudiced by any of Raymond James' actions.
The parties agree that when a court is considering a motion to compel arbitration, the court must consider three *856 issues: (1) whether there is a valid arbitration agreement; (2) whether there are arbitrable issues; and (3) whether there has been a waiver of the right to arbitrate. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Pulte Home Corp. v. Smith, 823 So.2d 305, 308-09 (Fla. 2d DCA 2002). The question of whether there has been a waiver of the right to arbitrate is one of fact, and the trial court's decision will be reversed only if there is no competent, substantial evidence to support its ruling. Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams, 791 So.2d 25, 26 (Fla. 2d DCA 2001). However, any doubts concerning whether a waiver has occurred should be resolved in favor of arbitration. Prudential Sec., Inc. v. Katz, 807 So.2d 173, 174 (Fla. 3d DCA 2002).
In this appeal, Raymond James asserts that the only issue is whether it waived its right to arbitrate. However, when Saldukas and Sestal LLC filed their arbitration claim, Raymond James repeatedly asserted that there was no agreement to arbitrate the claim and actively sought to have the arbitration proceeding dismissed with prejudice. Clearly, the trial court had the authority to agree with Raymond James' initial argument that there was no valid arbitration agreement between the parties. Moreover, Raymond James' repeated presuit assertions that Saldukas and Stesal LLC had no right to arbitration and its threat to file a lawsuit to enjoin the NYSE arbitration proceeding were actions inconsistent with any alleged contractual right to arbitrate the claim at issue. The evidence of these actions, standing alone, is sufficient to support a finding that Raymond James waived its right to arbitrate these claims.
In an effort to avoid the consequences of its earlier actions, Raymond James argues that it simply "preserved its right to challenge the standing of Saldukas and Stesal LLC, to even avail themselves of the arbitration process." This statement is flatly contradicted by Raymond James' actions in seeking to have the arbitration proceeding dismissed and in threatening to file suit to enjoin the arbitration. If Raymond James was truly trying to simply preserve this right, it could have raised the standing issue in its answer to the arbitration claim and asked the arbitration panel to determine standing before proceeding to the merits of the case. Instead, Raymond James actively sought to avoid having the arbitrators consider either the standing issue or the merits of the case. Having unequivocally refused to arbitrate the claim with Saldukas and Stesal LLC, Raymond James cannot now assert that the court is an improper forum in which to resolve this dispute.
In the alternative, Raymond James argues that even if its conduct constituted a waiver of the right to arbitrate, Saldukas and Sestal LLC should nevertheless be compelled to arbitrate because they failed to prove that they were prejudiced by Raymond James' actions. We disagree because Saldukas and Stesal LLC are not required to establish prejudice in order for the court to find a waiver.
In Donald & Co. Securities, Inc. v. Mid-Florida Community Services, Inc., 620 So.2d 192, 194 (Fla. 2d DCA 1993), this court held that it is not necessary to show prejudice in order to establish waiver of the right to arbitrate. In so ruling, this court noted:
Florida courts are bound only by the United States Supreme Court in interpreting acts of Congress. International Association of Bridge, Structural & Ornamental Ironworkers, AFL-CIO v. Blount International, Ltd., 519 So.2d 1009, 1012 (Fla. 2d DCA 1987), rev. denied, 531 So.2d 168 (Fla.1988)[,] cert. *857 denied, 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989). The Supreme Court has not ruled on this issue and at least one Circuit Court of Appeals has held that waiver may be found absent a showing of prejudice. National Foundation for Cancer Research v. A.G. Edwards & Sons, 821 F.2d 772, 777 (D.C.Cir.1987); see also Rosen v. Shearson Lehman Brothers, Inc., 534 So.2d 1185, 1187 (Fla. 3d DCA), rev. denied, 544 So.2d 200 (Fla.1989).
In the absence of a binding federal ruling on this issue, we are free to apply the law of Florida. Rosen, 534 So.2d at 1186.
Donald & Co., 620 So.2d at 193-94. Because the United States Supreme Court had not interpreted the Federal Arbitration Act to require a showing of prejudice before the right to arbitration could be waived, this court applied Florida law and held that no showing of prejudice was required. Id. at 194. The Fourth and Fifth Districts have agreed with this court that no showing of prejudice is necessary in order to establish a waiver of the right to arbitrate. See, e.g., Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 397 (Fla. 5th DCA 2003); Owens & Minor Med., Inc. v. Innovative Mktg. & Distrib. Servs., Inc., 711 So.2d 176, 177 (Fla. 4th DCA 1998).
Subsequently, the Third District in Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997), disagreed with this court's reasoning on the issue of prejudice. In Lane, the Third District certified conflict with Donald & Co., receded from its own prior precedent in Rosen v. Shearson Lehman Brothers, Inc., 534 So.2d 1185 (Fla. 3d DCA 1988), and held that "a showing of prejudice is indispensable to a conclusion that the maintenance of a position inconsistent with arbitration waives that remedy." Lane, 691 So.2d at 5. In a footnote, the court stated that the Eleventh Circuit's decision in S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir.1990), dispelled a prior uncertainty in federal law on this issue and required a showing of prejudice in order to support a finding of waiver. Lane, 691 So.2d at 5 n. 1. The First District has since agreed with the Third District on this issue. See Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238, 28 Fla. L. Weekly D1359 (Fla. 1st DCA June 9, 2003); Eden Owners Ass'n v. Eden III, Inc., 840 So.2d 419, 420 (Fla. 1st DCA 2003).
We see three problems with the Third District's decision in Lane. First, this court is not bound by decisions of the Eleventh Circuit on issues of federal law. Rather, this court is bound only by the United States Supreme Court on issues of the interpretation of a federal statute. See Donald & Co., 620 So.2d at 193-94. Thus, the Eleventh Circuit's decisions do not constitute binding precedent on the issue of whether a showing of prejudice is required.
Second, contrary to the Third District's statement in Lane, the Eleventh Circuit's decision in S & H Contractors did not "dispel prior uncertainty" on this issue within the federal courts. Rather, like the Florida courts of appeal, the federal courts of appeal are split on this issue. Compare S & H Contractors, 906 F.2d at 1514 (holding that a defaulting party's actions cannot amount to waiver absent prejudice); Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 251-52 (4th Cir.1987) (same); Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 693 (9th Cir. 1986) (same); and Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir.1985) (same); with St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., 969 F.2d 585, 590 (7th Cir.1992) (holding that when it is clear that a party has foregone its contractual right to arbitrate, *858 a court may find waiver without a showing of prejudice); Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 777 (D.C.Cir.1987) (same). Until this split among the federal circuit courts is settled by the United States Supreme Court, there is no binding federal precedent on the issue of whether a showing of prejudice is required before waiver may be found.
Third, we find the reasoning of those cases holding that prejudice is not a required element of waiver to be more persuasive. The goal of Congress in enacting the Federal Arbitration Act was to place arbitration agreements "`upon the same footing as other contracts, where [they] belong[ ].'" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (quoting H.R.Rep. No. 68-96, at 1 (1924)). Thus, the policy embodied in the Federal Arbitration Act is one favoring enforcement of contracts, not one favoring arbitration over litigation. Id. at 221, 105 S.Ct. 1238. However, the cases holding that prejudice is indispensable to a finding of waiver are premised on an alleged "strong federal policy favoring enforcement of arbitration agreements." See, e.g., Fisher, 791 F.2d at 694. Because the actual intended federal policy, as expressed by Congress, is enforcement of contracts, not enforcement of arbitration agreements, the cases requiring a finding of prejudice are focused on the wrong goal. When considered in light of the intended goal of enforcing contracts, it is clear that because a party may waive its contractual rights by simply taking actions inconsistent with those rights, a waiver of the contractual right to arbitrate may arise through a party's inconsistent conduct even in the absence of prejudice. Cf. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 681 (Fla.1973) (holding that a party may waive its contractual rights by taking action inconsistent with those rights); Bared & Co. v. Specialty Maint. & Constr., Inc., 610 So.2d 1, 2 (Fla. 2d DCA 1992) (holding that a showing of prejudice is not required when the waiver is based on a party's acts that are inconsistent with its contractual rights). Thus, a finding of prejudice is not required in order to establish a waiver of a contractual right to arbitrate. At most, prejudice is just one potential consideration in the waiver analysis, not the sine qua non.
For these reasons, we follow our own precedent in Bared and Donald & Co. and hold that no showing of prejudice was required in order to find that Raymond James waived its right to arbitration in this case. Therefore, we affirm the trial court's order denying Raymond James' motion to stay litigation and compel arbitration. We also certify conflict with Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997), and Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238, 28 Fla. L. Weekly D1359 (Fla. 1st DCA June 9, 2003), on the issue of whether a party seeking to establish a waiver of the right to arbitration must prove prejudice.
Finally, Raymond James contends that even if it is subject to litigation, VandenBerg should not be because he was not a party to the NYSE arbitration proceeding and therefore could not have waived his right to arbitrate. This issue was never raised in the trial court, and this court will not review issues raised for the first time on appeal. Dober v. Worrell, 401 So.2d 1322, 1323 (Fla.1981); Mendelson v. Great Western Bank, 712 So.2d 1194, 1197 (Fla. 2d DCA 1998). Therefore, we decline to address this issue.
Affirmed and conflict certified.
COVINGTON, J., Concurs.
CANADY, J., Concurs specially.
CANADY, Judge, Specially concurring.
I fully concur with the conclusion expressed in the majority opinion that the *859 disposition of this case is governed by the precedent established by this court in Donald & Co. I am not convinced, however, that the rule established in that case that waiver of a right to arbitrate may take place without a showing of some prejudice to the adverse party is the rule that we should adopt if the issue were a matter of first impression in this district. Although there is a division among the federal circuits on this issue, the weight of authority  as shown by the cases the majority opinion cites  supports the view that some showing of prejudice is necessary to establish that a right to arbitrate has been waived. See also Carroll E. Neesemann & Maren E. Nelson, The Law of Securities Arbitration, in 1196 Practising L. Inst./Corp. L. & Prac. Course Handbook Series 829, 879 (2000) (stating that in securities litigation "[c]ourts generally apply a strict test to claims of waiver" of a right to arbitration and "generally require a showing of prejudice to the opposing party"). I am concerned that allowing a party to an arbitration agreement to avoid arbitration due to the adverse party's nonprejudicial conduct may unnecessarily undermine the arbitration process.