W. F. AUSTIN, Jr. and Eunice K. Austin, his wife, Plaintiffs,

v.

A. G. EDWARDS & SONS, INC., a Delaware corporation, Defendants.

Civ. No. 71-37.

United States District Court, M. D. Florida, Jacksonville Division.

June 16, 1972.

---

Huebsch & Aulls, Eustis, Fla., Milam, Martin & Ade, Jacksonville, Fla., for plaintiffs.

Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for defendants.

## ORDER

TJOFLAT, District Judge.

This is a diversity action in which plaintiffs assert certain claims against the defendant arising out of purchases and sales of frozen concentrated orange juice futures by plaintiffs through de-fendant as broker. Defendant has filed a motion (filed March 7, 1971) to stay this action pending arbitration. The case is now before the Court to consider de-fendant's motion and plaintiffs' opposi-tion thereto (filed October 6, 1971, in the form of a motion to dismiss defend-ant's motion).

Title 9, United States Code, Section 3 (Federal Arbitration Act) provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in ac-cordance with the terms of the agree-ment, providing the applicant for the stay is not in default in proceeding with such arbitration.

Paragraph seventeen of the Custom-er's Agreement allegedly executed by the plaintiffs provides, in part: "Any con-troversy between you [the defendant] and the undersigned [the plaintiffs] arising out of this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtain-ing, of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitra-tion Association, or the Board of Arbi-tration of the New York Stock Exchange, as the undersigned may elect." Para-graph eighteen of the same agreement provides, in part: "This agreement and its enforcement shall be governed by the laws of the State of Missouri . . . "

The defendant argues that in light of paragraph seventeen of the Customer's Agreement, Section 3, Title 9, United States Code, requires this Court to stay this action pending arbitration.

Plaintiffs, on the other hand, deny that Section 3 is applicable to this case.

Instead, they contend that through Section 18 of their agreement the parties stipulated Missouri law to control the arbitration question. They further contend that an arbitration clause is not binding under Missouri law, hence this suit should not be stayed.

■ The Court finds Title 9, United States Code, to be the controlling law in this case. Title 9 is substantive federal law and, as such, it preempts conflicting state law. Congress has prescribed how federal courts are to conduct themselves with respect to agreements to arbitrate. This Court is bound to follow that prescription. Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959). Hence, even if the parties have stipulated Missouri law as controlling the enforcement of the arbitration clause, this Court is powerless to apply such law.

■ Having determined the applicability of Title 9, the Court now turns to the question of the proper disposition of this case under that title. Assuming the existence of a valid agreement to arbitrate, this Court must stay this action until such arbitration has been performed. Plaintiffs, however, place in issue the making of the arbitration agreement. They allege, among other things, that one of their signatures was forged. On this issue plaintiffs demand a jury trial, as is their right. *See* Section 4, Title 9, United States Code. Accordingly, it is Ordered:

1. Plaintiffs' motion to dismiss defendant's motion to stay pending arbitration is denied.

2. Trial on the issue of the validity of the arbitration agreement is hereby set to be called during a five week trial period commencing November 13, 1972, in Jacksonville, Florida.

3. After trial on the issue stated in paragraph 2 above, this Court will appropriately dispose of defendant's motion to stay pending arbitration.