Ozie WILSON, Jr., etc., et al., Plaintiffs,

v.

**PAR BUILDERS II, INC.,**
**et al., Defendants.**

No. 94–1300 CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

March 24, 1995.

Sue–Helen Hyman, Bay Area Legal Services, Inc., Tampa, FL, for Ozie Wilson, Jr., Eva M. Wilson.

Gary William Lyons, McFarland, Gould, Lyons & Sillivan, P.A., Clearwater, FL, for Par Builders II.

Schuyler Stewart Smith, Bray & Singletary, P.A., Jacksonville, FL, for Green Tree Financial.

### ORDER DENYING MOTION TO STAY

KOVACHEVICH, District Judge.

This cause is before the Court on the defendant, Green Tree Financial Corporation (hereafter Green Tree's) amended motion for stay of action pending arbitration (Docket No. 25); memorandum in support thereof (Docket No. 26); the defendant Par Builders II, Inc. (hereafter Par's) notice of concurrence in the amended motion for stay of action pending arbitration (Docket No. 27); and plaintiffs' memorandum of law in opposition (Docket No. 33).

The plaintiffs' filed their first amended complaint on December 7, 1994 (Docket No. 3). The plaintiffs' proceed under the Truth-In-Lending Act (hereafter the Lending Act), 15 U.S.C. § 1601, et seq., and seek to enforce their "right to rescind a consumer credit transaction, to void the security interest in the Plaintiffs' home and to recover statutory damages, reasonable attorney's fees and cost by reason of the Defendant's (sic) violations of the Act and Regulation Z, 12 C.F.R. § 226 ..."

The defendants assert that the transaction involved herein, the Retail Installment Contract and Security Agreement (hereafter the Agreement) (Ex. A to the first amended complaint), is a contract providing for commerce among the states and is governed by Title 9 of the United States Code. The Agreement provides, in relative part (Ex. A at page 2):

> ARBITRATION—All disputes, claims, controversies arising from or relating to this contract or the relationships which result from this contract, or the validity of this arbitration clause or the entire contract, shall be resolved by binding arbitration by one arbitrator selected by us with consent of you. This arbitration contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration ...

The defendants seek, pursuant to this clause, to stay the proceedings and require the plaintiffs to proceed to binding arbitration. The plaintiffs oppose that request.

The Federal Arbitration Act (hereafter the Arbitration Act) promotes the agreement to arbitration between contracting parties and provides:

> A written provision in any ... contract evidencing a transaction involving commerce to settled by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Further, if the court is satisfied that there are arbitrable issues in a case, and on application of a party, the court shall stay the trial of the case pending the arbitration proceedings. 9 U.S.C. § 3

■ The Arbitration Act reflects the federal policy favoring enforcement of arbitration agreements. In fact, any doubts concerning the arbitration must be resolved in favor of arbitration, including defenses of delay or waiver. *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Austin v. A.G. Edwards & Sons, Inc.*, 349 F.Supp. 615 (M.D.Fla.1972), the court found that it must stay any action pending arbitration if there is a valid arbitration agreement. *NCR Credit Corp. v. Reptron Electronics, Inc.*, 863 F.Supp. 1561 (M.D.Fla.1994).

The plaintiffs assert several reasons why they believe arbitration is inappropriate. The Court will address them individually. In the first instance, the plaintiffs assert that the defendants waived the right to arbitration by participating in this litigation.

■ To establish a waiver of a right to request, and proceed to, arbitration, the party seeking that waiver ruling must demonstrate three (3) elements: 1) knowledge of an existing right to compel arbitration; 2) acts inconsistent with that existing right; and 3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691 (9th Cir.1986).

■ Waiver of arbitration is not to be lightly inferred. *Com–Tech Associates v. Computer Associates, Intern., Inc.*, 938 F.2d 1574 (2nd Cir.1991). There must be a showing of substantial prejudice to the other party to justify finding a waiver. *Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 817 F.2d 250 (4th Cir.1989). Under the circumstances of the case, there must be a showing that the party seeking arbitration "acted inconsistently with the arbitration right." *S & H Contractors v. A.J. Taft Coal Co.*, 906 F.2d 1507 (11th Cir.1990).

■ This Court does not find that the plaintiffs have carried their burden in establishing that the defendants waived their right to arbitration. Unlike the case cited by plaintiffs, *Kramer v. Hammond* 943 F.2d 176 (2nd Cir.1991), where a four (4) year period of time from the filing of the suit until arbitration was raised, these defendants have not engaged in "protracted litigation."

This case was filed on August 19, 1994, and the motions to stay were filed in February 1995. The Court does not find the defendants' testing of the viability of the complaint, by way of motion to dismiss, to be inconsistent with invoking the right to arbitration. Nor does the Court find that the plaintiffs have established that prejudice to them was substantial; in fact, the plaintiffs merely concluded that they have been prejudiced but have in no way shown how they were prejudiced. The motion to stay cannot be denied based on a defense of waiver of the right to arbitration, so the Court must address the other defenses to the motion to stay.

■ The plaintiffs next assert that the Arbitration Act is not applicable because the contract does not involve commerce. Pursuant to the Act, section 1, commerce means:

> [C]ommerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

The Agreement is a consumer finance contract for a home improvement loan, which specifically provides that it is made pursuant to "a transaction in interstate commerce." (Ex. A at page 2, ARBITRATION clause). The parties include an foreign corporation, Green Tree, as assignee to the rights of Par.

The Court agrees with the defendants that this claim is one based on a contract evidencing a transaction involving commerce. Congress has the right to regulate activities, purely intrastate, which "so affect interstate commerce" as to make regulation a legitimate exercise of power. *Katzenbach v.*

*McClung,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). The plaintiffs' assertion that the complaint is brought pursuant to the Lending Act bolsters the Court's decision. The plaintiffs themselves have asserted that this is a transaction which Congress has a right to regulate, by way of the Lending Act, which implicates that it is a transaction affecting "commerce" under the power of Article I, § 8, cl. 3. The motion to stay cannot be denied on the allegations raised by the plaintiffs in this issue.

■ The plaintiffs further assert that arbitration clause is unenforceable due to lack of consideration. Indeed, this circuit has found that the policy favoring arbitration does not compel arbitration clause which is unenforceable for lack of consideration. *Hull v. Norcom, Inc.,* 750 F.2d 1547 (11th Cir.1985). In Florida, the law of the Agreement, mutually enforceable promises may constitute valid consideration for each other. *Aerojet–General Corp. v. Kirk,* 318 F.Supp. 55 (D.C.Fla. 1970), *aff'd* 453 F.2d 819 (1971), *cert. denied,* 409 U.S. 892, 93 S.Ct. 110, 34 L.Ed.2d 149 (1972).

■ The Court does not agree, however, that this contract for arbitration lacks consideration as to nullify the obligation to arbitrate. The parties both agree to binding arbitration but the defendants have reserved the right to foreclose on the secured property in appropriate judicial proceedings. This does not nullify the defendant's obligation to arbitrate all contract disputes. Therefore, if the defendants filed suit under the REMEDIES or ARBITRATION clauses for foreclosure, the plaintiffs would have the right to move for a stay pending arbitration if there existed a contract dispute which would affect the outcome of the filed foreclosure action. There are mutually enforceable promises in this contract, so there is consideration.

■ The final issue raised by the plaintiffs is that, because they have exercised their right to rescind the contract pursuant to the Lending Act, the arbitration clause of the contract was also rescinded and therefore cannot be enforced. The rescission of contract "amounts to the unmaking of a contract, or an undoing of it from the beginning, and not merely a termination, and it may be effected by mutual agreement of parties, or by one of the parties declaring rescission of the contract, without the other if a legally sufficient ground therefor exists, or by applying to courts for a decree of rescission" and is an action of an equitable nature. *Black's Law Dictionary,* 5th Ed. (1979).

The Court must consider what is before it presently in order to determine if those issues are subject to arbitration. The complaint herein alleges that the plaintiffs entered into a consumer credit transaction with the defendants on or about August 20, 1993. That, on or about August 16, 1994, the plaintiffs, pursuant to the provisions of the Lending Act, sent the defendants notices of rescission of the entire transaction. That the defendants failed to take action pursuant to the Lending Act following that notice of rescission. Therefore, the plaintiffs concluded they have rescinded the contract, as well as the entire transaction, and they are merely here to enforce that rescission pursuant to the Lending Act.

Therefore, the issue before this Court, pursuant to the first amended complaint, is the application of the Truth-In-Lending Act and the effect, if any, of the plaintiffs' notice of rescission. This is an issue for the district court; the Court has not found anything to indicate that an arbitrator would have the jurisdiction to consider the Lending Act and rule on its application to this situation. Accordingly, it is

ORDERED that the amended motion to stay of action pending arbitration (Docket No. 25) be **denied.**

**DONE and ORDERED.**