BETH BLOOM, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court upon the Motion to Dismiss Complaint filed by Defendants, Certain Underwriters at Lloyd's, London Subscribing to Certificate No. NA171157 (collectively, "Underwriters" or "Defendants") on June 5, 2018. ECF No. [3] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.
I. PROCEDURAL POSTURE
Plaintiff originally filed its Complaint, ECF No. [1-2] ("Complaint"), in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida on March 21, 2018. In its Complaint, Plaintiff alleges two breach of contract claims. Count I alleges that Defendants breached the contractual terms and conditions of the Plaintiff's homeowners insurance policy (the "Policy") by refusing to pay for Plaintiff's loss after Hurricane Irma. ECF No. [1-2] ¶ 21. Count II alleges that Defendants breached the Policy by failing to make a determination of coverage by either making payment or denying the claim within *1202 90 days of receiving notice. ECF No. [1-2] ¶ 23.
On June 4, 2018, Defendants filed their notice of removal, pursuant to 28 U.S.C. § 1441 with this Court. ECF No. [1]. Defendants assert that there is a valid arbitration clause within the Policy that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), invoking jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. Defendants then filed their Motion, again raising the defense that the agreement requires arbitration of this dispute under the Convention. Plaintiff timely filed its response arguing that Defendants have failed to state what claims they seek to arbitrate, and that the Policy issued by Defendants is governed by Florida law. As such, the Federal Arbitration Act ("FAA") does not apply. ECF No. [10]. By timely reply, Defendants maintain that the arbitration clause prevails over state law to the extent that the FAA incorporates an agreement the United States made with other nations. ECF No. [11].
II. FACTUAL BACKGROUND
Plaintiff is a real estate investment corporation and the owner of properties located at 310 McKinley Street, Hollywood, FL 33019 and 2012 North Surf Road, Hollywood, Florida 33019 (the "Properties"). ECF No. [1-2] ¶ 2. Plaintiff alleges that Plaintiff and Defendants are parties to a homeowners insurance policy issued by the Defendants, policy number NA171157 ("the Policy"). Id. at ¶ 6. According to the Plaintiff, under the terms of the Policy, the Defendants have agreed to provide insurance coverage to the Properties against certain covered losses. Id. at ¶ 8. The Policy also contains the following provisions:
11. Legal action against Underwriters
No one may bring a legal action against the Underwriters under this Policy unless:
1. There has been full compliance with all of the terms of this Policy; and,
2. the action is brought in the United States of America, in a court having proper jurisdiction, within 2 years after the date on which the direct physical loss or damage occurred.
12. Arbitration
If the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such mattes in which the Assured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.
The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.
ECF No. [3-1] at 26.
Plaintiff alleges that on or around September 10, 2017, one of the Properties was damaged by strong winds as a result of Hurricane Irma. Id. at ¶ 9. Plaintiff claims that due to the damages, the units in the Property were uninhabitable and unrentable, causing Plaintiff to suffer $248,878.40 in lost income. Id. at ¶ 14. According to the Complaint, Defendants failed to make a determination of coverage and failed to pay the amounts requested for the damaged *1203 Properties pursuant to the terms of the Policy. Id. at ¶ 19. Plaintiff alleges that as a result of Defendants' failures, it continues to lose income due to the damages suffered by Defendants' failure to act within a reasonable amount of time. Id. at ¶ 25.
III. LEGAL STANDARD
The FAA applies to this case, and the Plaintiff has failed to provide any authority at all in support of its inapplicability, or in support of any of its other arguments.[1] Section 3 of the FAA states that upon determining that an issue before a court falls within an arbitration agreement between the parties, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. This provision further applies to actions brought under the Convention to the extent that the two chapters are not in conflict. See 9 U.S.C. § 208. Accordingly, the Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action. See Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC , No. 3:13-cv-576-J-34JRK, 2014 WL 757942, 2014 U.S. Dist. LEXIS 24737 (M.D. Fla. Feb. 25, 2014) ; see also Klay v. All Defendants , 389 F.3d 1191, 1203-04 (11th Cir. 2004) ("For arbitrable issues, the language of Section 3 indicates that the stay is mandatory."). Furthermore, "[T]he statute clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court 'shall' upon application stay the litigation until arbitration has been concluded." Lloyd v. HOVENSA, LLC , 369 F.3d 263, 268-69 (3d Cir. 2004).[2]
IV. ANALYSIS
Defendants argue that this Court should dismiss this action in its entirety because all of the Plaintiff's claims are subject to arbitration. See ECF No. [3] at 1. In the alternative, the Defendants request that, if the Court does not dismiss Plaintiff's claims, the Court should stay the instant action pending the outcome of the arbitration proceedings. Id. at 1.
A. The Convention
The FAA "places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption-'a national policy'-in favor of arbitration." Parnell v. CashCall, Inc. , 804 F.3d 1142, 1146 (11th Cir. 2015) (quoting Buckeye Check Cashing, Inc. v. Cardegna , 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038, 1038 (2006) ). This policy "applies with special force in the field of international commerce." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. , 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ; see also *1204 Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Pursuant to the FAA, a written arbitration provision in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Furthermore, "[a]rbitration provisions will be upheld as valid unless defeated by fraud, duress, unconscionability, or another 'generally applicable contract defense.' " Parnell , 804 F.3d at 1146. The Supreme Court has noted that "by its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd , 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).
The Convention is an international treaty that allows citizens of signatory countries the right to enforce agreements to arbitrate disputes. In 1970, Congress codified the Convention into Chapter 2 of the FAA ("the Convention Act"), 9 U.S.C. §§ 201 - 208, "that recognizes that a district court exercises 'original jurisdiction over ... an action or proceeding' that 'fall[s] under the Convention' because it is 'deemed to arise under the laws and treaties of the United States.' " Navarette v. Silversea Cruises, Ltd. , 620 F. App'x 793 (11th Cir. 2015) (quoting 9 U.S.C. § 203 ). The Convention states in pertinent part:
The court of a Contracting State, when seized of an action in a matter in respect to which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.
Under the Convention, the district court must conduct a "very limited inquiry" in determining whether to enforce an agreement to arbitrate. Bautista v. Star Cruises , 396 F.3d 1289, 1294 (11th Cir. 2005) (quoting Francisco v. Stolt Achievement MT , 293 F.3d 270, 273 (5th Cir. 2002) ). When a dispute arises about an agreement to arbitrate, the agreement is governed by the Convention if the following four factors are present:
(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.
Id. at 1294 n.7. Moreover, "[t]he party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." Sims v. Clarendon Nat'l Ins. Co. , 336 F.Supp.2d 1311, 1324 (S.D. Fla. 2004). "This burden is not unlike that of a party seeking summary judgment" because "the party opposing arbitration should identify those portions of the pleadings, depositions, answers to interrogatories, and affidavits which support its contention." Id. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."
*1205 Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
B. Merits of Underwriters' Motion to Compel Arbitration
This Court first addresses whether Underwriters may compel arbitration by examining each of the four Bautista factors. First, the Court must find that "there is an agreement in writing within the meaning of the Convention." Bautista v. Star Cruises , 396 F.3d 1289, 1294 n. 7 (11th Cir. 2005). In the instant case, it is undisputed that the Policy contains an agreement in writing to arbitrate "[i]f the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy ...." ECF No. [3-1] at 26. Next, the agreement must provide for arbitration in the territory of a signatory of the Convention. See Bautista, 396 F.3d at 1294 n. 7. The arbitration clause here fails to provide any language indicating where arbitration should take place. However, immediately preceding the arbitration clause within a provision entitled "Legal Action Against the Underwriters," the Policy states that "[n]o one may bring a legal action against the Underwriters under this Policy unless ... the action is brought in the United States of America, in a court having proper jurisdiction, within 2 years after the date on which the direct physical loss or damage occurred." ECF No. [3-1] at 26. Thus, this language, coupled with the arbitration clause, is sufficient to meet the second Bautista factor.
The third Bautista factor requires that the agreement arise out of a legal relationship that is commercial in nature. See Bautista, 396 F.3d at 1294 n. 7. The Policy is an insurance contract that provides for the Underwriters to insure the Properties owned by Plaintiff in the event of a loss. Courts in this District have found insurance agreements to commercial in nature. See Antillean Marine Shipping Corp. v. Through Transport Mut. Ins., Ltd. , 2002 WL 32075793 (S.D. Fla. 2002) ; see also Legion Ins. Co. v. Garner Ins. Agency , 991 F.Supp. 1326, 1331 (M.D. Ala. 1997) (noting that the United States Supreme Court has held that "the sale of insurance is commerce of an interstate nature."). In Antillean , the court concluded that the dispute between defendant foreign mutual insurance association and plaintiff shipping corporation was governed by an international arbitration agreement subject to the Convention, and thus Defendants' motion to compel arbitration was granted. Here, the agreement arises out of a contractual, commercial relationship between a Florida corporation and a foreign entity for the provision of insurance for a real estate investment corporation. This meets the third jurisdictional requirement under Bautista .
Finally, for an arbitration agreement to be governed by the Convention, a party to the agreement must not be an American citizen, "or that the commercial relationship must have some reasonable relation with one or more foreign states." Bautista, 396 F.3d at 1294 n. 7. Here, Defendants severally are parties to the Policy issued to Plaintiff, a real estate investment corporation domiciled in Florida. As explained by Defendant in the Motion, a portion of the Policy is subscribed to by Syndicate 2001, which is not a citizen or resident of any other state in the United States. See ECF No. [3]. Amlin Corporate Member Ltd. is the sole member and capital provider for Syndicate 2001 and is wholly owned by Amlin Underwriting Ltd., which is organized and maintains its principal place of business in the United Kingdom of Great Britain and Northern Ireland, a participating country to the Convention. Id. at 6. Accordingly, the fourth and final Bautista factor is met and the Court may compel arbitration. 9 U.S.C. § 206.
*1206 C. Preemption
Without citing any case law, Plaintiff appears to contend that Florida insurance law applies to this dispute, and that under Florida law, the dispute between the parties over insurance coverage is not subject to arbitration. See ECF No. [10] at 2-3. Plaintiff asserts that the Policy is "governed by Florida law and Florida Statute 627, [and] therefore, the FAA does not apply ..." Id. As such, Plaintiff argues that the Court should deny the motion to dismiss.
In reply, Defendants assert that Plaintiff is trying to argue that reverse preemption under the McCarran-Ferguson Act ("McCarran-Ferguson Act"), 15 U.S.C. § 1011, mandates that state law applies in the instant case to preclude arbitration. However, the McCarran-Ferguson Act, which provides that "the states, and only the states, can regulate the substantive content of insurance contracts," does not apply to contracts made under the Convention, as it was intended to apply only to interstate commerce, and not foreign commerce. See Antillean Marine Shipping Corp. v. Through Transport Mut. Ins., Ltd. , 2002 WL 32075793 (S.D. Fla. 2002) (Florida marine shipping company's contract with Bermuda based insurer was held be governed by Convention because McCarran-Ferguson Act does not apply to international insurance contracts). Defendants cite Lloyds Underwriters v. Netterstrom , 17 So.3d 732 (Fla. Dist. Ct. App. 2009) in further support of their argument. There, the court held that "the McCarran-Ferguson Act applies only to arbitration agreements within the United States and that it has no effect on an international arbitration agreement that is governed by the Convention. The Federal Arbitration Act must give way to contrary provisions of state laws regulating the business of insurance but, to the extent that the Act incorporates an agreement the United States made with other nations, it prevails over state laws." Id. at 737 (citations omitted). In the instant case, the Policy provides for a Florida corporation to be provided insurance coverage by Underwriters domiciled in the United Kingdom, thus constituting foreign commerce outside of the purview of the McCarran-Ferguson Act. Thus, there is no basis upon which to argue that Florida law prohibits the Convention Act from governing this dispute.
D. Waiver of Right to Compel Arbitration
Plaintiff asserts that the Underwriters have waived the right to demand arbitration due to "Defendant's lackadaisical attitude towards this claim and total inaction for many months." ECF No. [10] at 2. Plaintiff makes this assertion of waiver without any supporting case law. See ECF No. [11] at 4.
The Eleventh Circuit has determined that under the FAA, a two-part test is used to establish a waiver of a right to demand arbitration. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." Ivax Corp. v. B. Braun of Am., Inc. , 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." S & H Contractors, Inc. v. A.J. Taft Coal Co. , 906 F.2d 1507, 1514 (11th Cir. 1990). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." Ivax Corp. , 286 F.3d at 1316. To determine whether the other party has been prejudiced, "[the court] may consider the length of delay in demanding arbitration and the expense incurred by that party *1207 from participating in the litigation process." S & H Contractors , 906 F.2d at 1514.
Beyond its conclusory statements, Plaintiff makes no argument in support of waiver. Moreover, upon review of the record, the Court does not find that Defendants acted inconsistently with the right to arbitrate. Under Section 205, a defendant "may, at any time before the trial thereof, remove such action or proceeding ...." Thus, a motion to stay filed several months after the original suit was filed should not be grounds for a waiver of right to arbitration. See Wilson v. Par Builders II, Inc. , 879 F.Supp. 1187 (M.D. Fla. 1995). Plaintiff's original complaint was filed on March 21, 2018. Defendants timely filed their Notice of Removal with this Court on June 4, 2018 and subsequently filed their Motion to Dismiss or Alternatively Stay Litigation Pending Arbitration on June 5, 2018. Furthermore, Defendants invoked their demand to arbitration within the original motion to dismiss, and thus avoiding any prejudice to "the opposing party [by undertaking] the types of litigation expenses that arbitration was designed to alleviate." S & H Contractors , 906 F.2d at 1514. Accordingly, this Court finds that Defendants did not act inconsistently with the right to demand arbitration.
E. Stay of the Proceedings
Having found that arbitration is required, the Court now turns to the question of whether this case should be dismissed. Although Defendant moves to dismiss and, in the alternative, stay this action, "[t]he Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action." Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC , No. 3:13-CV-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014) ( (citing Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir.1992) ("Upon finding that a claim that is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.") ). Accordingly, this Court will stay the proceedings.
V. CONCLUSION
Accordingly, for the foregoing reasons, it is ORDERED AND ADJUDGED as follows:
1. Defendant's Motion, ECF No. [3] , is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that:
a. The parties shall submit the claims herein to binding arbitration in accordance with their agreement.
b. This case is STAYED pending the completion of the arbitration proceedings.
c. Upon completion of arbitration, the parties shall FILE a notice with the Court advising whether the case shall be reopened or dismissed.
2. To the extent not otherwise disposed of, all pending motions are denied as MOOT and all deadlines are TERMINATED ;
3. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.
DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July, 2018.

See Local Rule 7.1(c) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.")

Some Courts of Appeals, including those cited by Defendants, have reached different conclusions as to whether a district court has discretion to dismiss a claim (rather than stay the proceedings) where it finds all claims before it arbitrable. See Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc. , 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); see also Alford v. Dean Witter Reynolds, Inc. , 975 F.2d 1161, 1164 (5th Cir. 1992) (finding dismissal appropriate "when all the issues raised in the district court must be submitted to arbitration"). However, this Court has not found, nor have the parties brought to the Court's attention to, any authority in support of dismissal pending arbitration in this Circuit.