COPE, Judge.
Caribbean Transportation Inc. appeals from an order staying this action and retaining jurisdiction pending arbitration. We dismiss the appeal for want of jurisdiction.
On remand from this court’s decision in Acevedo v. Caribbean Transp., Inc., 673 So.2d 170 (Fla. 3d DCA 1996), the trial court determined that the claims of plaintiffs-ap-pellees were subject to arbitration under an applicable collective bargaining agreement. The trial court referred the claims to arbitration, stayed proceedings, and retained jurisdiction to enforce the arbitration award.* *605 Defendant-appellant Caribbean has appealed, contending that the trial court should have dismissed the action entirely, instead of retaining jurisdiction to enforce the arbitration award. Since the action remains pending below, there is no final appealable order. We have jurisdiction to entertain this as an interlocutory appeal only if it falls within the scope of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), which authorizes “[rjeview of non-final orders of lower tribunals ... that ... determine ... the entitlement of a party to arbitration.... ”
On this appeal, Caribbean does not challenge the trial court’s ruling that Caribbean is entitled to arbitration of these claims as a matter of federal labor law. The only issue presented by Caribbean on this appeal is whether the trial court should have dismissed the action instead of staying it. Since Caribbean’s sole point on appeal does not relate to its entitlement to arbitration, Caribbean’s appeal is not within the scope of Rule 9.130. We therefore dismiss the appeal for want of jurisdiction.
Treating the appeal as a petition for writ of certiorari, we deny the petition. Caribbean has not demonstrated that the trial court departed from the essential requirements of law, nor has it shown how it will suffer an injury which cannot be remedied by an appeal at the conclusion of the case.
Appeal dismissed; certiorari denied.

 The trial court order contains an ambiguous statement indicating that the defendant-appellant's "Motion to Dismiss Action is granted on the basis that all claims are subject to arbitration.” When the order is read as a whole, however, it is properly viewed as a ruling that the plaintiffs’ claims are not subject to adjudication in the trial court, but that the action will remain pending and stayed for purposes of proceedings to enforce the arbitration award. The parties have so interpreted the order.